

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-25-2007

# Russell v. Levi

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-3967

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Russell v. Levi" (2007). *2007 Decisions*. Paper 1211.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1211

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-93                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-3967
_____

JAMES A. RUSSELL,

Appellant

v.

TROY LEVI, Warden;
ALBERTO GONZALES,
Attorney General

_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 06-cv-02643)
District Judge:  Honorable Freda L. Wolfson
_____

Submitted For Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
January 5, 2007

Before:  MCKEE, FUENTES AND ROTH, <u>Circuit Judges</u>.

(Filed:  April 25, 2007)

_____

OPINION
_____

PER CURIAM

James Russell, awaiting trial on a federal charge of mailing a threatening

communication, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in

the United States District Court for the District of New Jersey. In his petition to challenge his indictment as "void ab initio," he plainly stated that he was incarcerated in the Federal Detention Center located in Philadelphia, Pennsylvania. He did not identify the court in which he would be tried.

Because Russell was being held in custody in Philadelphia, within the Eastern District of Pennsylvania and outside the District of New Jersey, the District Court dismissed Russell's petition for lack of jurisdiction. The District Court concluded that it could not transfer Russell's petition because Russell had not identified the district court of his prosecution, and noted that Russell could bring his claim at any stage of his federal criminal proceedings. Russell filed a motion for reconsideration, which the District Court denied.[1] Russell appeals and moves for summary action on his appeal.

We deny Russell's motion for summary action, but we will summarily affirm the District Court's order because no substantial question is presented on appeal. See Local Rule 27.4; I.O.P. 10.6. The District Court, sitting in the District of New Jersey while Russell was sitting in prison in the Eastern District of Pennsylvania, lacked jurisdiction over Russell's petition. See 28 U.S.C. § 2241(a); Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994) ("A district court's habeas corpus jurisdiction is territorially limited and

---

[1]Russell also submitted a letter to the District Court, noting that his criminal case was pending in the District of New Jersey. In response, the District Court amended its first opinion to note that Russell's criminal prosecution proceeded in the District of New Jersey. The District Court determined that the location of the prosecution did not affect the dismissal for lack of jurisdiction.

2

extends only to persons detained and custodial officials acting within the boundaries of that district."); but see Rumsfeld v. Padilla, 542 U.S. 426, 440-41 (2004) (describing a possible departure from the ordinary rule in circumstances different from those in this case, namely a prisoner transfer after proper filing).

Russell, who submitted argument in support of his appeal, claims that the District Court erred by not transferring his petition to the appropriate district court pursuant to 28 U.S.C. § 1631. The determination whether a case should be transferred in the interest of justice, see 28 U.S.C. § 1631, "is generally committed to the discretion of the District Court in the first instance." See Island Insteel Sys. v. Waters, 296 F.3d 200, 218 (3d Cir. 2002). The District Court was within the bounds of its discretion in this case. Although Russell later apprised the District Court of the location of his prosecution, he did not include the pertinent information in his petition. Furthermore, as the District Court noted, Russell can advance his "void ab initio" claim at any stage of his criminal proceedings.

For the reasons stated, we will affirm the District Court's judgment.